**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **KATHERINE MARTINEZ, individually and behalf of all others similarly situated,**<br><br>    Plaintiff,<br><br>  v.<br><br>**NANDO'S RESTAURANT GROUP, INC.,**<br><br>    Defendant. | Case No: 1:19-cv-07012<br><br>Removed from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2019 CH 10488 |

## NOTICE OF REMOVAL

Defendant Nando's Restaurant Group, Inc. ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon both diversity jurisdiction and jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

### *The State Court Action*

1.  On September 10, 2019, Plaintiff Katherine Martinez ("Plaintiff") filed a putative class action complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, captioned *Katherine Martinez, individually and on behalf of all others similarly situated, v. Nando's Restaurant Group, Inc.*, Case No. (2019 CH 10488) (the "Action"). The complaint alleges three counts for violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) ("BIPA").

2.      Defendant was served with a copy of the summons and complaint on September 27, 2019. Thus, this Notice of Removal is timely filed within the 30 days permitted by 28 U.S.C. § 1446(b).

3.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of copy of all process, pleadings, and orders served upon Defendant, including a copy of the Summons, Complaint, and a Motion for Class Certification and Request for Discovery on Certification Issues, are attached as **Exhibit 1**.

4.      Plaintiff alleges that she brings this Complaint on behalf of a proposed class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Nando's while residing in Illinois" (the "Class"). (Ex. 1, Compl. ¶ 38.) Plaintiff asserts that the Class consists of "at least hundreds of employees." (*Id.* ¶ 39.)

5.      Plaintiff alleges that Defendant violated her rights and the rights of the Class under BIPA by:

- Failing to obtain written releases from Plaintiff and the Class before it collected, used and stored their biometric identifiers and information, in violation of 740 ILCS 14/15(b)(3);

- Failing to inform Plaintiff and the Class in writing that their biometric identifiers and information were being collected and stored, in violation of 740 ILCS 14/15(b)(1);

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2); and

- Failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and information, in violation of 740 ILCS 14/15(a).

(*See id.*, ¶¶ 49, 58, 59, 68, 77-80.)

6.      Plaintiff seeks monetary damages on behalf of herself and the Class for each violation of BIPA, injunctive and other equitable relief, reasonable litigation expenses and attorneys' fees, pre- and post-judgment interest, and any other relief as justice requires. (*Id.*, Prayer for Relief.)

### *Jurisdiction and Venue*

7.      Because the Circuit Court of Cook County, Illinois lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332(d), because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000, and further, because the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

### *Diversity Jurisdiction*

9.      The federal courts have original jurisdiction over actions such as this one by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

### *Diversity of Citizenship*

10.     The parties are citizens of different states.

11.     Plaintiff is a citizen of Illinois. (Compl. ¶ 10.)

12.     Defendant is a Delaware corporation with its principal place of business in Washington, D.C. (*See* Compl. ¶ 11; **Exhibit 2**, Declaration of Kyla Nave ("Nave Decl."), ¶ 4.)

13.     For purposes of diversity, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-1 (2010) (a corporation's principal place of business is its "nerve center," typically found at a corporation's headquarters, or the place where its officers direct, control, and coordinate the corporation's activities).

14.     Therefore, for the purposes of determining diversity jurisdiction, Defendant is a citizen of Delaware and Washington D.C. Defendant is not a citizen of Illinois.

15.     The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and Washington, D.C.

### Amount in Controversy

16.     To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if she were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

17.     Where a plaintiff provides little information regarding the value of her claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008). While Defendant denies the validity and merit of all Plaintiff's claims and denies her requests for

relief thereon, the factual allegations in Plaintiff's Complaint, supplemented by her dates of employment (omitted from her pleadings), establish that more than $75,000 is at controversy in this action.

18.     Plaintiff appears to allege that Defendant violated BIPA when it required her to clock in and out using her fingerprint and did so two times per day—when she started and finished work for the day. (*See* Compl. ¶ 32.)

19.     Plaintiff worked for Defendant from February 17, 2018 to November 30, 2018 at Defendant's Oakbrook, Illinois location. (**Nave Decl.,** ¶ 7.) During her employment, Plaintiff worked at least 125 shifts. (*Id.*)

20.     Plaintiff alleges that Defendant's actions were willful and/or reckless and seeks statutory damages of $5,000 for each willful or reckless violation of BIPA. (*See* Compl. ¶¶ 51, 61, 70.) If, as Plaintiff appears to allege, each such incident were deemed to be a violation (a claim that Defendant would strenuously oppose), then the amount in controversy would exceed $75,000. Defendant could owe $5,000 in statutory damages for "each violation" of the BIPA. *See* 740 ILCS 14/20. Thus, an allegation of only sixteen violations (eight days) would place $80,000 at issue. Plaintiff alleges she was required to scan her fingerprint at the beginning and end of each workday (Compl. ¶ 32), which is well over eight days of employment, thus exceeding the minimum amount in controversy. Even if each violation was limited to $1,000 of damages per violation, Plaintiff's 125 shifts worked for Defendant still places the amount in controversy above $75,000.

21.     As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

*CAFA Jurisdiction*

22.     This Court also has original jurisdiction over this Action under CAFA. *See* 28 U.S.C. § 1332(d).

23.     CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2)(A).

24.     CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

25.     Defendant is not a state, state official, or other governmental entity, as required by 28 U.S.C. 1332(d)(5)(A).

26.     The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B), as approximately 1,814 Nando's employees in Illinois have used a timekeeping system that scanned a portion of their finger since Nando's began operations in Illinois on or about May 20, 2105. (**Nave Decl.**, ¶ 9.)

27.     As explained above, diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware and Washington, D.C.

28.     Though Plaintiff's Complaint is silent as to the total amount of damages claimed, her pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana*, 472 F. 3d at 511; *Blomberg*, 639 F.3d at 763. While Defendant denies the validity and merit of all Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's

Complaint put the total amount of damages at issue in this action is in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

29.      As stated above, Plaintiff alleges Defendant could owe $5,000 in statutory damages for each violation of BIPA. *See* Complaint ¶¶ 51, 61, 70; 740 ILCS 14/20. Here, there have been 1,814 employees who have used a timekeeping system that scanned a portion of their finger in the state of Illinois since Nando's began operations in Illinois on or about May 20, 2015.  Accordingly, if Defendant is found to have willfully violated a single provision of BIPA with respect to each of the 1,814 putative class members, the amount in controversy is $9,070,000.00, which exceeds the minimum amount in controversy under CAFA. In the Complaint, Plaintiff alleges Defendant violated four separate provisions of BIPA.  *See* Complaint ¶¶ 77-80.

30.      As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.[2]

### Compliance With Procedural Requirements

31.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of Defendant being served with the complaint on September 27, 2019. *See* **Exhibit 1**.

32.      Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Katherine Martinez, as required by 28 U.S.C. § 1446(d), through her attorneys, David Fish and John Kunze, The Fish Law Firm, P.C, 200 East Fifth Avenue, Suite 123, Naperville, Illinois 60563.

---

[2] None of the exceptions to CAFA jurisdiction apply in this case. *See* 28 U.S.C. § 1332(d)(3) and (4). It is Plaintiffs' burden to prove that an exception to CAFA jurisdiction applies. *See In re Sprint Nextel Corp.*, 593 F.3d 669, 673 (7th Cir. 2010). Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4). However, as set forth above, Defendant is not a citizen of Illinois. As such, Plaintiff cannot establish the applicability of any exception to CAFA jurisdiction in this case.

33.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County as required by 28 U.S.C. § 1446(d).

34.     Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant hereby removes this Action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated:  October 24, 2019                           Respectfully submitted,


                                                   /s/Patricia J. Martin
                                                   _____

Patricia J. Martin
*pmartin@littler.com*
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 1000
St. Louis, Missouri 63101
314.659.2000

Kwabena A. Appenteng
*kappenteng@littler.com*
Orly Henry
*ohenry@littler.com*
Melissa A. Logan
*mlogan@littler.com*
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
312.372.5520

*Attorneys for Defendant Nando's Restaurant Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on October 24, 2019, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system and served upon the following via U.S. Mail and email:

David Fish
John Kunze
*admin@fishlawfirm.com*
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400

             */s/Patricia J. Martin*

4813-8247-2105.5 104792.1002