**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATHERINE MARTINEZ, individually and behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:19-cv-07012 |
| v. | Honorable Sara L. Ellis |
| NANDO'S RESTAURANT GROUP, INC., | |
| Defendant. | |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("the Motion"), the Court having reviewed and considered the Motion, the supporting Memorandum of Law and attached exhibits, including the Stipulation of Class Action Settlement ("Settlement" or "Settlement Agreement") and its attachments, and the Court being fully advised in the premises,

IT IS ORDERED AS FOLLOWS:

1. Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2. The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3. The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

4. For settlement purposes only, the Court preliminary certifies the following settlement class:

> All individuals who worked at a Nando's restaurant in Illinois and who enrolled in the fingertip scanning feature of the Point of Sale device at any Nando's location in the state of Illinois from May 20, 2015 to October 1, 2019.

5. The Court finds that notice to the proposed Settlement Class is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed Settlement Class for purposes of settlement.

6. For settlement purposes only, the Court appoints Katherine Martinez as Class Representative.

7. For settlement purposes only, the Court appoints as Class Counsel:

> David Fish
> John Kunze
> Mara Baltabols
> The Fish Law Firm, P.C.
> 200 East Fifth Ave., Suite 123
> Naperville, IL 60563

8. The Court appoints Analytics LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement or ordered by this Court.

9. The Court finds that the Settlement Agreement's Notice Program is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides the Settlement Class with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement.

10. Any person in the Settlement Class may submit a request for exclusion from the Settlement on or before the Objection/Opt-Out Deadline. To be valid, any request for exclusion must: (a) be

in writing; (b) identify the case name *Martinez v. Nando's Restaurant Group, Inc*., and case number, Case No. 1:19-cv-07012; (c) state the full name and current address of the person in the Settlement Class seeking exclusion; (d) be physically signed by the person(s) seeking exclusion; and (e) be postmarked or received by the Settlement Administrator on or before the Objection/Opt-Out Deadline. Each request for exclusion must also contain a statement to the effect that "I hereby request to be excluded from the proposed Settlement Class in *Martinez v. Nando's Restaurant Group. Inc*." A request for exclusion that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked or delivered to the Settlement Administrator within the time specified, shall be invalid and the persons serving such a request shall be deemed to remain Settlement Class Members and shall be bound as Settlement Class Members by this Settlement Agreement, if approved.. No person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

11. Any person who effectively Opts-Out of the Settlement Class shall not: (a) be bound by any orders or Final Judgment entered in the Action, (b) receive a Settlement Payment under this Settlement Agreement, (c) gain any rights by virtue of this Settlement Agreement, or (d) be entitled to object to any aspect of this Settlement Agreement or Final Judgment.

12. Any person in the Settlement Class who intends to object to this Settlement Agreement must present the objection in writing, which must be personally signed by the objector and must include: (a) the Settlement Class Member's full name and current address; (b) a statement that he or she believes himself or herself to be a member of the Settlement Class; (c) the specific grounds for the objection; (d) all documents or writings that the Settlement Class Member desires the Court to consider; (e) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the

objection or who may profit from the pursuit of the objection; and (f) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel, who must file an appearance or seek *pro hac* vice admission). All written objections must be filed with the Court and postmarked, e-mailed or delivered to Class Counsel and Defendant's Counsel no later than the Objection/Opt-Out Deadline. Any person in the Settlement Class who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Section and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement or Final Judgment by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

13.     The Court schedules a Final Approval Hearing for _____, 2020[1], in Courtroom 1403 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604 at \_\_:\_\_ a.m./p.m., to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Class Counsel's request for attorneys' fees and litigation costs; and (3) whether to approve the Class Representative's requests for incentive awards.

14.     The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a

---

[1] Pursuant to the requirements of CAFA, this hearing date is more than 110 days after Plaintiff filed this proposed Order.

4

Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: _____, 2020   _____
                                            Hon. Sara L. Ellis